| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF TEXAS |
| Case number *(if known)* _____  Chapter **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Pine Lake Property LP** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | DBA  **VNB Pine Lake Property LP** <br> DBA  **Pine Lake Village Apartments** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **88-1519336** |
| 4. | **Debtor's address** | **Principal place of business** <br><br> **1325 Greens Parkway** <br> **Houston, TX 77067** <br> Number, Street, City, State & ZIP Code <br><br> **Harris** <br> County | **Mailing address, if different from principal place of business** <br><br> **9 Ahad Haam Street** <br> **Tel Aviv** <br> **ISRAEL 6525101** <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> _____ <br> Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | |
| 6. | **Type of debtor** | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ■ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor  **Pine Lake Property LP**   Case number (*if known*) _____
       Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

■ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

\_\_\_\_

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

Official Form 201        **Voluntary Petition for Non-Individuals Filing for Bankruptcy**        page 2

Debtor __Pine Lake Property LP__   Case number (*if known*) _____
       Name

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | _____ | Relationship | _____ |
| District | _____ | When _____ Case number, if known | _____ |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
- ☐ No
- ☐ Yes.   Insurance agency _____
         Contact name _____
         Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*
- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ■ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated Assets**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ■ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ■ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor __Pine Lake Property LP__  Case number (*if known*) _____
       Name

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __January 6, 2025__
            MM / DD / YYYY

X __/s/ John D. Baumgartner__          __John D. Baumgartner__
  Signature of authorized representative of debtor    Printed name

Title  __Chief Restructuring Officer__

**18. Signature of attorney**

X __/s/ Christopher Adams__            Date __January 6, 2025__
  Signature of attorney for debtor           MM / DD / YYYY

**Christopher Adams**
Printed name

**Okin Adams Bartlett Curry LLP**
Firm name

**1113 Vine St., Suite 240**
**Houston, TX 77002**
Number, Street, City, State & ZIP Code

Contact phone __(713) 228-4100__   Email address __info@okinadams.com__

**24009857 TX**
Bar number and State

# UNANIMOUS WRITTEN CONSENT OF
# PINE LAKE PROPERTY LP
(a Delaware limited partnership)

January 6, 2025

Pine Lake Village Holdings LLC, the sole general partner (the "*General Partner*"), and Pine Lake JV LP, the sole limited partner (the "*Limited Partner*" and jointly with the General Partner, the "*Partners*") of Pine Lake Property LP, a Delaware limited partnership (the "*Partnership*"), acting in accordance with Section 17-302(e) or Section 17-405(d), as applicable, of the Delaware Revised Uniform Limited Partnership Act, 6 Del. C. §§ 17-101 et seq. (the "*Act*"), DO HEREBY CONSENT TO the adoption of and DO HEREBY ADOPT the following recitals and resolutions by written consent in lieu of a meeting:

WHEREAS, capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Agreement of Limited Partnership of the Partnership, dated April 29, 2022 (as amended through the date hereof, the "*LPA*");

WHEREAS, the former general partner of the Limited Partner (the "*Former GP*") has purported to cause the Partnership to enter into agreements and incur obligations in violation of its obligations to the Partners and the Partnership (the "*Unauthorized Acts*");

WHEREAS, the Former GP has been removed and the successor general partner of the Limited Partner has caused the General Partner to investigate the impact of the Unauthorized Acts;

WHEREAS, the General Partner has requested information and documents concerning the Unauthorized Acts from the Former GP and the Lender;

WHEREAS, the undersigned have considered the financial and operational aspects of the business of the Partnership and have reviewed the current financial condition and status of the Partnership in light of recent events;

WHEREAS, the Lender and the Former GP have improperly withheld the identity of the Independent Manager from the Partners and appear to have materially breached the Loan Documents and organizational documents of the Limited Partner;

WHEREAS, the undersigned have determined that the actions below are in the best interests of the Partnership, the Partners, and the creditors of the Partnership, including the Lender, and desire to approve and authorize the actions below; and

WHEREAS, the Independent Manager's approval, ratification and confirmation of the actions below will be obtained with retroactive effect to the date hereof pursuant to Section 17-106(e) of the Act.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the undersigned, it is desirable and in the best interests of the Partnership and its creditors and the Partners, in their capacity as the partners of the Partnership, that a voluntary petition be filed in the United States Bankruptcy Court for the Southern District of Texas by the Partnership seeking relief under the

provisions of Chapter 11 of Title 11 of the United States Code (the "*Bankruptcy Code*"), and the undersigned hereby consent to such filing (the "*Bankruptcy Filing*");

RESOLVED, FURTHER, that the officers of the General Partner and the Chief Restructuring Officer (as defined below) (collectively, the "*Officers*"), are each hereby delegated, authorized, empowered, and directed to file with the United States Bankruptcy Court for the Southern District of Texas, on behalf of the Partnership and in its name, at such time hereafter as any of them determine, a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code;

RESOLVED, FURTHER, that the Officers be, and each of them hereby is, authorized and empowered to obtain post-petition financing and/or use cash collateral according to terms which may be negotiated by the Officers, and to enter into any debtor-in-possession financing facilities, guarantees, or other related documents and to pledge and grant liens on the assets of the Partnership as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith, the Officers are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements, and related ancillary documents, whether consented to or contested by the Partnership's existing lenders;

RESOLVED, FURTHER, that the Officers are hereby authorized, empowered and directed, on behalf of the Partnership and in its name, to retain the law firm of Okin Adams Bartlett Curry LLP as general bankruptcy counsel for general legal advice and in the event that the Partnership files a voluntary bankruptcy petition for reorganization, or in the event that an involuntary bankruptcy petition is filed against the Partnership;

RESOLVED, FURTHER, that the Officers, on behalf of the Partnership, are authorized and empowered to retain the services of Getzler Henrich & Associates LLC ("*Getzler*") to provide financial advice in connection with the foregoing actions, a Chief Restructuring Officer, and additional personnel for the Partnership in the Chapter 11 case of the Partnership;

RESOLVED, FURTHER, that the Partners hereby delegate and appoint John D. Baumgartner, managing director of Getzler, as the Chief Restructuring Officer of the Partnership (the "*Chief Restructuring Officer*") to have the duties and responsibilities set forth in the engagement letter of the Chief Restructuring Officer;

RESOLVED, FURTHER, that the Officers be, and hereby are, authorized to employ any other professional necessary to assist the Partnership in carrying out its duties under the Bankruptcy Code or otherwise, and in connection therewith, the Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professional, as necessary, and on such terms as are deemed necessary, desirable, and proper by the management of the Partnership;

RESOLVED, FURTHER, that the Officers are hereby authorized to conduct business operations as determined by any of them to be in the best interests of the bankruptcy estate of the Partnership and the creditors of the Partnership which may include, but not be limited to, a

2

determination to continue business operations with a view towards reorganizing or selling the Partnership or substantially all of the assets of the Partnership;

RESOLVED, FURTHER, that, from and after the filing by the Partnership of a Chapter 11 bankruptcy petition, the Officers are hereby authorized to make or cause to be made all filings and declarations as determined by any of them to be in the best interests of the bankruptcy estate of the Partnership and the creditors and equity holders of the Partnership;

RESOLVED, FURTHER, that the Officers and any other authorized signatory designated by any Officer, are each hereby authorized, empowered, and directed on behalf of the Partnership and in its name to take all actions and execute and deliver all documents as they shall deem necessary or desirable in order to carry out and perform the purposes of the foregoing resolutions, including, without limitation, the opening of new deposit accounts as a debtor-in-possession under the Bankruptcy Code, and the taking of such actions or execution of such documents shall be conclusive evidence of the necessity or desirability thereof; and

RESOLVED, FURTHER, that any and all actions heretofore taken by any Officer in the name and on behalf of the Partnership in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all aspects.

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first above written.

**GENERAL PARTNER:**

**PINE LAKE VILLAGE HOLDINGS LLC,** a Delaware limited liability company

By: PINE LAKE JV LP, its sole member

By: IBI PILLAR HOUSTON 2, LLC, its general partner

By: IBI REAL ESTATE PARTNERSHIPS LTD., its sole member

By: _____
Name: Matan Leiba
Title: Director

By: _____
Name: David Lubetzky
Title: Director

**LIMITED PARTNER:**

**PINE LAKE JV LP**, a Delaware limited partnership

By: IBI PILLAR HOUSTON 2, LLC, its general partner

By: IBI REAL ESTATE PARTNERSHIPS LTD., its sole member

By: _____
Name: Matan Leiba
Title: Director

By: _____
Name: David Lubetzky
Title: Director

Acknowledged and Agreed:

**MEMBER OF GENERAL PARTNER:**

**PINE LAKE JV LP**, a Delaware limited partnership

By: IBI PILLAR HOUSTON 2, LLC, its general partner

By: IBI REAL ESTATE PARTNERSHIPS LTD., its sole member

By: _____
Name: Matan Leiba
Title: Director

By: _____
Name: David Lubetzky
Title: Director