United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 06, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PINE LAKE PROPERTY, LP,[1] | § | Case No. 25-90001 (ARP) |
| | § | (Chapter 11) |
| | § | |
| DEBTOR. | § | |

**STIPULATION AND AGREED ORDER REGARDING THE AUTOMATIC STAY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(d)**

This Stipulation and Agreed Order is made and entered into by and among LSF PLV Houston, LLC (the "Noteholder") and Pine Lake Property, LP (the "Debtor," and together with the Noteholder, collectively, the "Parties," and each, individually, a "Party"). The Parties hereby stipulate and agree as follows:

**RECITALS**

A. On January 6, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the U.S. Code (the "Bankruptcy Code") initiating the above-captioned bankruptcy case (the "Bankruptcy Case"). The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has yet been appointed.

B. The Debtor's primary asset is the real property located at 1325 Greens Parkway, Houston, Harris County, Texas 77067 and commonly referred to as the Pine Lake Village Apartments (the "Property"), and its sole business operation consists of the rental and management of the Property and collection of rents therefrom. As such, the Property constitutes "single asset real estate" as defined in Section 101(51B) of the Bankruptcy Code.

C. The Debtor is a party to that certain Loan Agreement, dated as of April 29, 2022 (the "Pre-Petition Loan Agreement"), between the Debtor, as borrower, and OREC Structured Finance Co., LLC (the "Original Lender"),[2] as lender, pursuant to which Original Lender extended financial accommodations to the Debtor in connection with a loan in the original principal amount of $10,587,000.00 (the "Loan").

D. Prior to the Petition Date, the Debtor was in payment default under the Pre-Petition Loan Agreement, and the Loan, and all obligations in connection therewith, had been accelerated and declared fully due and payable in full. As of the Petition Date, the Noteholder asserts that, inclusive of principal, accrued but unpaid interest, fees, costs, charges, and advances, the aggregate debt and obligations owed by the Debtor in connection with the Loan totaled no less than approximately $11,128,843.00 (the "Pre-Petition Indebtedness").

E. The Loan is secured by first priority liens (the "Pre-Petition Liens") on and security interests in substantially all of the Debtor's assets (the "Collateral"), including the Property and the rents generated therefrom, which rents, as well as all cash, cash equivalents, and other proceeds of such Collateral constitute Noteholder's Cash Collateral, as defined in Section 363(a) of the Bankruptcy Code.

F. The Parties agree and acknowledge that termination of the automatic stay, as it pertains to the Noteholder's interest in and exercise of rights and remedies against the Property and Collateral pursuant to the Loan Documents and applicable non-bankruptcy law, is appropriate pursuant to, without limitation, Sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code.

---

[1] EIN: xx-xxx9336.

[2] Pursuant to a series of assignments, Noteholder is now the owner and holder of the beneficial interests in connection with the Loan and under the Loan Documents.

G. Except as expressly set forth below, the Parties hereby reserve, and this Stipulation and Agreed Order shall not affect, any and all other rights with respect to any causes of action, claims, and/or defenses held or that may be asserted by any Party to this Bankruptcy Case.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The above recitals are incorporated by reference into this Agreed Order with the same force and effect as if fully set forth hereinafter.

2. The terms of the Stipulation and Agreed Order are approved and **GRANTED** in their entirety as set forth above and below.

3. The automatic stay is hereby immediately terminated, effective as of the date on which this Stipulation and Agreed Order is entered by the Court, pursuant to Sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code, as it relates to the interests of the Noteholder in the real property, easements, and rights-of-way that constitute the Property, as more precisely described by metes and bounds in **Exhibit A** attached hereto, as well as all personal property situated therein, proceeds generated therefrom, including all Collateral and Cash Collateral, and rights related thereto, for purposes of allowing Noteholder to immediately exercise all of its rights and remedies regarding the Property and/or Collateral provided under the Loan Documents and applicable non-bankruptcy law, including, but not limited to, any action to protect the Property and/or Collateral, realize the value of the Property and/or Collateral, dispose of the Property and/or Collateral, or to foreclose its Pre-Petition Liens on the Property and/or Collateral pursuant to a non-judicial foreclosure sale.

4. In the event that the Noteholder conducts a non-judicial foreclosure sale of the Property and/or Collateral Noteholder may credit bid up to the full amount of the indebtedness due and owing by the Debtor to Noteholder under the Loan Documents, which amount shall be

determined at the Noteholder's sole discretion (the "Noteholder Claim"). The Noteholder agrees that the Noteholder shall only seek to recover from the Collateral and/or Property and any non-Debtor obligors on account of the Noteholder Claim. Except with respect to the Noteholder's exercise of rights in and against the Property and/or Collateral as provided in this Stipulation and Agreed Order, the Noteholder shall not assert any right to recovery against the Debtor or its bankruptcy estate for satisfaction of any portion of the Noteholder Claim. For the avoidance of doubt, the Noteholder Claim may not be satisfied upon foreclosing its liens on the Property and/or Collateral, thereby leaving the Noteholder with a deficiency claim, but the Noteholder agrees that such deficiency claim, if any, may not be asserted against the Debtor or the Debtor's bankruptcy estate in this Bankruptcy Case.

5. The Debtor waives any right to contest the terms and provisions of this Stipulation and Agreed Order at a later date, and further agrees that it shall not take any action or cause any action to be taken on its behalf to stop or otherwise interfere with Noteholder's enforcement or exercise of its rights and remedies as provided in this Stipulation and Agreed Order, including, but not limited to, seeking any temporary restraining order or injunction against Noteholder or its agent(s) in any state or federal court.

6. Except as provided in paragraph 4 of this Stipulation and Agreed Order, this Stipulation and Agreed Order shall not affect nor constitute a waiver of, and Noteholder does not waive, any rights afforded to Noteholder pursuant to the Loan Documents, the Bankruptcy Code, or applicable non-bankruptcy law. This Stipulation and Agreed Order shall not in any way preclude Noteholder from asserting or pursuing its right to payment of the full amount of the Noteholder Claim, in addition to any other amounts owing pursuant to the Loan Documents, or otherwise exercising any other rights and remedies allowable under the Loan Documents, the

Bankruptcy Code, or applicable non-bankruptcy law as against any non-Debtor obligor(s), including, but not limited to, as against the guarantors of the Loan under the Loan Documents.

7. The fourteen-day stay provided under Federal Rule of Bankruptcy Procedure 4001(a)(3) shall not apply to this Stipulation and Agreed Order.

8. The terms of this Stipulation and Agreed Order shall remain in full force and effect in any subsequent bankruptcy filing by the Debtor without the need for the Noteholder or its assignee(s) to seek further relief from any bankruptcy court of competent jurisdiction. The terms of this Stipulation and Agreed Order shall also be binding upon any trustee or statutory committee appointed in this Bankruptcy Case or upon conversion of this Bankruptcy Case to a case under another chapter of the Bankruptcy Code.

9. Neither this Stipulation and Agreed Order, nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation and Agreed Order; (b) to seek damages or injunctive relief soley in connection with enforcement of the Stipulation and Agreed Order; or, (c) to prove that the automatic stay pursuant to Section 362(a) of the Bankruptcy Code has been terminated with respect to Noteholder's interest in the Property and Collateral in accordance with the terms of this Stipulation and Agreed Order.

10. Neither this Stipulation and Agreed Order nor any negotiations and writings in connection with this Stipulation and Agreed Order will in any way be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party.

11. Each of the Parties to this Stipulation and Agreed Order represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Agreed Order.

12. This Court retains exclusive jurisdiction in connection with this Stipulation and Agreed Order and all matters related thereto, including the interpretation, administration, or enforcement of the terms herein.

13. This Stipulation and Agreed Order is a Final Order within the meaning of 28 U.S.C. § 158(a)(1) and is effective immediately upon entry.

Signed: March 06, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge

**APPROVED AS TO FORM AND ENTRY REQUESTED:**

| **WINSTEAD PC** | **OKIN ADAMS BARTLETT CURRY LLP** |
|---|---|
| By: _/s/ Sean B. Davis_<br>Sean B. Davis<br>Texas Bar No. 24069583<br>S.D. Tex. No. 1048341<br>E-mail: sbdavis@winstead.com<br>600 Travis Street<br>Suite 5200<br>Houston, Texas 77002<br>Telephone: (713) 650-8400<br>Facsimile: (713) 650-2400<br><br>**ATTORNEYS FOR LSF PLV HOUSTON, LLC**<br><br>AND | By: _/s/ Christopher Adams*_<br>Christopher Adams<br>Texas Bar No. 24009857<br>Email: cadams@okinadams.com<br>Ryan A. O'Connor<br>Texas Bar No. 24098190<br>Email: roconnor@okinadams.com<br>Madeline M. Schmidt<br>Texas Bar No. 24130309<br>Email: mschmidt@okinadams.com<br>1113 Vine St., Suite 240<br>Houston, Texas 77002<br>Tel: (713) 228-4100<br>Fax: (346) 247-7158<br><br>**ATTORNEYS FOR THE DEBTOR**<br><br>*Signed by permission, Sean B. Davis |

## EXHIBIT A

## LEGAL DESCRIPTION

Legal description of the land:

DESCRIPTION OF A 3.552 ACRE
(154,728 SQ. FT.) TRACT OF LAND
SITUATED IN THE W.C.R.R. CO. SURVEY,
SECTION 17, A-889, HARRIS COUNTY, TEXAS

Being a description of a 3.552-acre (154,728 square foot) tract of land situated in the W.C.R.R. Company Survey, Section 17, Abstract No. 889, in Harris County, Texas, said 3.552-acre tract being all of Pine Lake Village Apartments, according to the plat thereof as recorded under Film Code No. 357086 (Volume 357, Page 86) of the Harris County Map Records, also being the same as that certain called 3.5524-acre tract of land conveyed to Three Pillars MF8 LLC, by deed recorded under Harris County Clerk's File No. RP-2019-271150 of the Official Public Records of Real Property, Harris County, Texas, and being further described by metes and bounds as follows with the basis of bearings being the Texas State Plane Coordinate System, South Central Zone No. 4204, NAD 83 (2011) epoch 2010.00 (all coordinates herein are grid coordinates and may be converted to ground surface by multiplying by the combined scale factor of 1.000081208, all distances herein are horizontal ground surface distances in U.S. Survey Feet):

**BEGINNING (N=13,907,163.20, E=3,096,107.98)** at a 5/8-inch iron rod found in the southeast right-of-way line of Greens Parkway (a varying width public right-of-way -- 90 feet wide where it adjoins said Pine Lake Village Apartments) as established in Greens Crossing Section Three, according to the plat thereof as recorded under Film Code No. 305146 (Volume 305, Page 146) of the Harris County Map Records, for the northeast corner of Greenridge Place Apartments, according to the plat thereof as recorded under Film Code No. 322146 (Volume 322, Page 146) of the Harris County Map Records, and for the northwest corner of said Pine Lake Village Apartments and said 3.5524-acre tract;

THENCE North 75 degrees 46 minutes 31 seconds East, with the southeast right-of-way line of said Greens Parkway, coincident with the northwest line of said Pine Lake Village Apartments, a distance of 141.79 feet to a 5/8-inch iron rod found for the beginning of a curve to the left;

THENCE in a northeasterly direction, continuing with said southeast right-of-way line, and northwest line of Pine Lake Village Apartments and along said curve to the left, having a radius of 2,045.00 feet, a central angle of 04 degrees 14 minutes 59 seconds, a chord bearing North 73 degrees 39 minutes 01 seconds East, a chord distance of 151.65 feet and an arc length of 151.68 feet to a 5/8-inch iron rod found for the northwest corner of a called 8.1943-acre tract of land conveyed to Highland Management, Inc., by deed recorded under Harris County Clerk's File No. K186652 of the Official Public Records of Real Property, Harris County, Texas, said 8.1943-acre tract being the remainder of Greens Crossing III Apartments, according to the plat thereof as recorded under Film Code No. 323024 (Volume 323, Page 24) of the Harris County Map

Records, and for the northeast corner of said Pine Lake Village Apartments and said 3.5524-acre tract;

THENCE South 22 degrees 46 minutes 06 seconds East, with a western line of said 8.1943-acre tract coincident with the northeast line of said Pine Lake Village Apartments and said 3.5524-acre tract, a distance of 404.53 feet to a 5/8-inch iron rod found for an interior corner of said 8.1943-acre tract and for the southeast corner of said Pine Lake Village Apartments and said 3.5524-acre tract;

THENCE South 67 degrees 13 minutes 54 seconds West, with a northern of said 8.1943-acre tract coincident with the southeast line of said Pine Lake Village Apartments and said 3.5524-acre tract, a distance of 301.26 feet to a 5/8-inch iron rod found for an angle point in said northern line and for the easternmost southwest corner of said Pine Lake Village Apartments and said 3.5524-acre tract;

THENCE South 87 degrees 23 minutes 59 seconds West, with said northern line, coincident with the south line of said Pine Lake Village Apartments and said 3.5524-acre tract, a distance of 142.09 feet to a 5/8-inch iron rod found in the east line of the aforesaid Greenridge Place Apartments, for a northwest corner of said 8.1943-acre tract and for the southwest corner of said Pine Lake Village Apartments and said 3.5524-acre tract;

THENCE North 02 degrees 42 minutes 23 seconds West, with said east line of Greenridge Place Apartments, coincident with the west line of said Pine Lake Village Apartments and said 3.5524-acre tract, a distance of 418.98 feet to the **POINT OF BEGINNING** and containing 3.552 acres (154,728 square feet) of land.

**Tract 2 (Easement Estate):**
Those certain easements created pursuant to License Agreement filed for record under Clerk's File No. P455706 of the Official Public Records of Real Property of Harris County, Texas.

**Tract 3 (Easement Estate):**
That certain easement created pursuant to Storm Sewer Line Easement filed for record under Clerk's File No. P455707 of the Official Public Records of Real Property of Harris County, Texas, across the following described property.

Field note description of a tract of land containing 0.0121 acres (529 square feet) out of Greens Crossing III Apartments as recorded in Volume 323, Page 24 of the Harris County Map Records, in the W.C.R.R. Company Survey, Section 17, Abstract No. 889, in Harris County, Texas, said 0.0121 acre tract being more particularly described by metes and bounds as follows:

Commencing at a 5/8 inch iron rod found on the Southerly right of way line of Greens Parkway (90 feet wide) which marks the Northwest corner of said Greens Crossing III Apartments and the Northeast corner of unrestricted Reserve "L" of Greens Crossing Section Three as recorded in Volume 305, Page 146 of the Harris County Map Records;

2

Thence North 73 degrees 46 minutes 31 seconds East along said Southerly right of way line of Greens Parkway and the North line of said Greens Crossing III Apartments for 141.79 feet to a 5/8 inch iron rod found at the beginning of a curve to the left;

Thence in a Northeasterly direction, continuing along the aforesaid lines around the arc of said curve to the left having a radius of 2045.00 feet, a central angle of 04 degrees 14 minutes 59 seconds a chord which bears North 73 degrees 39 minutes 02 seconds East, for 151.65 feet, or along the curve arc for 151.68 feet to a 5/8 inch iron rod found for corner;

Thence South 22 degrees 46 minutes 06 seconds East, a distance of 11.03 feet to the point of beginning of this tract and a Northwest corner of this tract;

Thence North 56 degrees 06 minutes 41 seconds East, a distance of 43.03 feet to said Southerly right of way line of Greens Parkway, being a Northwest corner of this tract;

Thence in an Easterly direction, along said Southerly right of way line of Greens Parkway and the arc of a curve to the left having a radius of 2045.00 feet, a central angle of 00 degrees 19 minutes 07 seconds a chord which bears North 70 degrees 12 minutes 58 seconds East for 11.37 feet or along the curve arc for 11.37 feet to the Northeast corner of this tract;

Thence South 19 degrees 57 minutes 43 seconds East, a distance of 7.45 feet to the Southeast corner of this tract;

Thence South 56 degrees 06 minutes 55 seconds West, a distance of 54.23 feet to the Southwest corner of this tract;

Thence North 22 degrees 46 minutes 06 seconds West, a distance of 10.19 feet to the point of beginning and containing 0.0121acres of land, more or less.